### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **HARVEY LEE HAYES, JR.,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Civil Action No. 5:11-0261** |
| ) | |
| **JOEL ZIEGLER, Warden,** ) | |
| ) | |
| **Respondent.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

### FACT AND PROCEDURE

**A.   Criminal Action No. 7:06-cr-0002:**

On July 10, 2006, Petitioner was convicted in the Western District of Virginia of Possession of a Firearm by a Convicted Felon (Count 1), in violation of 18 U.S.C. §§ 922(g)(1) and 924. United States v. Hayes, Case No. 7:06-cr-0002 (W.D.Va. Sept. 25, 2006), Document Nos. 27, 29, 30. On September 25, 2006, the District Court ordered that Petitioner serve a 180-month term of incarceration to be followed by a four-year term of supervised release. Id., Document Nos. 33 and

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

35. Petitioner did not appeal his conviction or sentence.

**B.    Motion for Relief Pursuant to Rule 60(b):**

On January 22, 2008, Petitioner filed in the Western District of Virginia a *pro se* Motion for Relief Pursuant to Rule 60(b). Id., Document No. 39. By Memorandum Opinion and Order entered on January 23, 2008, the District Court denied Petitioner's Motion. Id., Document No. 41. Petitioner filed a Notice of Appeal on February 28, 2008. Id., Document No. 42. On June 27, 2008, the Fourth Circuit affirmed the judgment of the District Court. United States v. Hayes, 282 Fed.Appx. 281 (4th Cir. 2008).

**C.    Motion to Correct Error:**

On November 16, 2009, Petitioner filed in the Western District of Virginia a "Motion to Correct Error." Hayes, Case No. 7:06-cr-0002, Document Nos. 50 and 54. In his Motion, Petitioner argued that the government used fraudulent documentation concerning his prior felony convictions in order to improperly qualify him as an Armed Career Criminal under 18 U.S.C. § 924(e). Id. By Order entered on November 17, 2009, the District Court informed Petitioner that the "court will treat defendant's motion as a § 2255 motion absent defendant's objection within ten (10) business days from the entry of this Order." Id., Document No. 51. Petitioner filed his Objections on December 1, 2009. Id., Document No. 52. By Memorandum Opinions and Orders entered on December 1, 2009, the District Court dismissed without prejudice Petitioner's Section 2255 Motion and denied Petitioner's "Motion to Correct Error." Id., Document Nos. 53 and 55. On July 12, 2010, Petitioner filed a Motion for Reconsideration, which the District Court denied. Id., Document Nos. 65 - 66.

**D.    Second Motion to Correct Error:**

On March 2, 2010, Petitioner filed in the Western District of Virginia a "Motion to Correct

Error Nunc Pro Tunc Order." Id., Document No. 58. In his Motion, Petitioner argued that he was improperly sentenced as an Armed Career Criminal under 18 U.S.C. §§ 922(g)(1) and 924(e). Id. By Memorandum Opinion and Order entered on March 5, 2010, the District Court denied Petitioner's Motion. Id., Document No. 59. Petitioner filed a Notice of Appeal on March 11, 2010. Id., Document No. 60. On June 9, 2010, the Fourth Circuit affirmed the District Court's decision. Id., Document No. 63; United States v. Hayes, 382 Fed.Appx. 281 (4th Cir. 2010).

**E.     Section 2255 Motion:**

On August 6, 2010, Petitioner filed in the Western District of Virginia his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Hayes, Case No. 7:06-cr-0002, Document No. 67. In his Motion, Petitioner asserted the following grounds for relief: (1) "Counsel was ineffective in failing to argue that the indictment did not adequately charge the defendant under § 924(e);" (2) "Counsel was ineffective in failing to discuss the presentence report with the defendant before sentencing;" and (3) "The defendant does not have the necessary prior convictions to serve as predicates to sustain an enhanced sentence under § 924(e)." Id. On August 31, 2010, Petitioner filed his "Compliance with Conditional Filing Order" arguing he was entitled to equitable tolling because prison conditions hampered his litigation efforts. Id., Document No. 69. By Memorandum Opinion and Order entered on September 30, 2010, the District Court found no grounds to support equitable tolling and denied Petitioner's Section 2255 Motion as untimely. Id., Document Nos. 70 - 71. Petitioner filed a Notice of Appeal on December 26, 2010. Id., Document No. 72. On January 21, 2011, the Fourth Circuit dismissed Petitioner's appeal. Id., Document Nos. 77 - 78; United States v. Hayes, 408 Fed.Appx. 758 (4th Cir. 2011).

**E.     Section 2241 Petition:**

On April 20, 2011, Petitioner filed his instant Petition requesting relief under 28 U.S.C. § 2241 and Memorandum in Support. (Civil Action No. 5:11-0261, Document Nos. 1 and 2.) Petitioner asserts the following grounds for *habeas* relief:

(1)     Counsel was ineffective when he failed to detect and challenge defective Indictment. Indictment did not express the essential elements of a Section 924(e) offense.

(2)     Counsel was ineffective and failed to discuss Presentence Report before sentencing. The Court inadvertently by passed Rule 32(i)(1)(A) requirement.

(3)     When Petitioner requested an appeal, counsel refused.

(Document No. 1, pp. 6 - 7.)

On July 23, 2012, Petitioner filed his "Motion to Amend Petition" and "Motion to Amend Memorandum in Support."[2] (Document Nos. 6 and 7.) Petitioner explains that he wishes to Amend his Petition to include a claim that his sentence is invalid based upon United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). (Document No. 6, p. 1.) Specifically, Petitioner contends that "his two North Carolina felonies cannot be used to enhance his sentence as §§ 922(g), 924(e) Armed Career Criminal, and were not punishable to imprisonment up to one year." (Id.) In his Amended Memorandum in Support, Petitioner first explains that he was "sentenced to 3 years for felony drug charges, and on 4-30-93, I was discharged from the Department of Corrections." (Document No. 7, pp. 1 - 2.) Next, Petitioner states that he only received a sentence of "120 days in jail" for his felony conviction for Assault with a Deadly Weapon Inflicting Serious Injury. (Id., pp. 1, 3 - 4.) Therefore, Petitioner states that "his sentence should be vacated and he should be sentenced without the Armed

---

[2] By separate Order entered this day, the undersigned has granted Petitioner's Motions to Amend (Document Nos. 6 and 7.).

4

Career Criminal enhancement." (Document No. 6, p. 1.)

**F.     Second Section 2255 Motion:**

On November 16, 2011, Petitioner filed in the Western District of Virginia a "Motion to Dismiss Indictment under United States v. Simmons and for Immediate Release from Custody of the Bureau of Prisons." Hayes, Case No. 7:06-cr-0002, Document No. 80. By Order entered on November 18, 2011, the District Court construed Petitioner's above motion as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Id., Document No. 82. On January 6, 2012, the United States filed its Response in Opposition and Motion to Dismiss. Id., Document No. 90. By Memorandum Opinion and Order entered on March 30, 2012, the District Court dismissed Petitioner's Section 2255 Motion as successive. Id., Document No. 95 and 96. On April 24, 2012, the Fourth Circuit denied Petitioner's Motion under 28 U.S.C. § 2244 for an order authorizing the District Court to consider a second or successive application for relief under 28 U.S.C. § 2255. Id., Document No. 97.

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is

a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence and conviction imposed by the Western District of Virginia. Specifically, Petitioner contends that counsel was ineffective in failing to challenge the Indictment, review the Presentence Report, and file an appeal. (Document No. 1.) Petitioner further contends that his sentence as an Armed Career Criminal is invalid based upon Simmons. (Document Nos. 6 and 7.) Petitioner is clearly challenging the validity of his conviction and sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's

claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Western District of Virginia. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[3]

---

[3] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this

---

reasonable factfinder would have found the petitioner guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *See* 28 U.S.C. § 2244(b)(3)(A).

circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000)(outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added).") "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563 at *6 (S.D.W.Va.)(District Judge Berger).

  Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. Petitioner does not allege an intervening change in law that establishes his actual innocence of the underlying conviction. The undersigned finds that Petitioner's challenge to the validity of his *sentence* based upon Simmons does not meet the requirements of the saving clause.[4]

---

[4] The Fourth Circuit has held that relief in *Carachuri-Rosendo v. Holder*, ___ U.S. ___, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010), as applied in *Simmons*, is not retroactively available on collateral review. *United States v. Powell*, 691 F.3d 554, 560-61 (4th Cir. 2012)("Because the Supreme Court's decisions in *Carachuri* at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons

See Bennett v. United States, 2012 WL 5511643 (S.D.W.Va. Oct. 23, 2012); also see Chambers v. United States, 2013 WL 171091, * 3 (W.D.N.C. Jan. 16, 2013)(finding that Petitioner's challenge to his sentence as being impermissibly enhanced based on a prior North Carolina state drug conviction does not come within the purview of § 2241 as outlined in *Jones*); Moon v. United States, 2012 WL 6212616, * 2 (D.S.C. Dec. 13, 2012)(Since petitioner challenges his armed career criminal sentencing enhancement based upon Simmons, he has not raised a claim that may be presented in a Section 2241 Petition). As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document Nos. 1, 6, 7.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United

---

subject to criminal punishment, we hold that *Carachuri* is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review.")

States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: February 4, 2013.

R. Clarke VanDervort
United States Magistrate Judge