IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

HARVEY LEE HAYES, JR.,

        Petitioner,

v.                              CIVIL ACTION NO.   5:11-cv-00261

JOEL ZIEGLER,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

      The Court has reviewed the Petitioner's *Application Under 28 U.S.C. § 2241 For Writ of Habeas Corpus By a Person in State or Federal Custody* (Document 1), the supporting memorandum (Document 2), the amended petition (Document 6), the amended memorandum in support (Document 7), the Magistrate Judge's *Proposed Findings and Recommendation* (Document 9), and the Petitioner's Objections submitted thereto (Document 12). Following review of those materials, the Court ordered the Government to respond to the Petitioner's claims and to address recent developments in relevant case law. (Document 14.) The Court has now reviewed the *United States' Response to Order to Show Cause* (Document 18) and the *Movant's Answer to the Government's Response to Order to Show Cause* (Document 23).

      The Court has also considered Petitioner's *Motion for Leave to Supplement/Amend / Reopen Section 2255 (or Section 2241) Petition as "Relates Back"( F R Civ. P. 15(c)) / Motion for Recharacterization of Petitions, Based on New Substantive Ruling Made Retroactive to Collateral Review in Miller v. United States (4th Cir. No. 13-6254)* (Document 13).

After careful consideration of the foregoing, the Court finds that the Objections to the *Proposed Findings and Recommendation* should be overruled and the Petitioner's Motion for Leave to Supplement should be denied as moot. The Court further finds that the Proposed Findings and Recommendation should be adopted, as supplemented by the Court's findings herein.

### I.      RELEVANT CRIMINAL HISTORY AND POST-CONVICTION MOTIONS

The Proposed Findings and Recommendation (PF&R) includes a detailed overview of Petitioner's most recent conviction and his post-conviction challenges.[1] Petitioner has not asserted any objection to the factual findings relative to his conviction and post-conviction challenges. Consequently, the Court incorporates by reference those facts without full recitation. However, for context of this opinion, the Court will summarily discuss Defendant's conviction, sentence and relevant post-conviction litigation.

On July 10, 2006, Petitioner pled guilty to possession of a firearm by a person convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), in the United States District Court for the Western District of Virginia. *United States v. Hayes*, Crim. No. 7:06-cr-00002 (W.D. Va. Sept. 30, 2006).[2] On September 25, 2006, Petitioner was sentenced to one hundred eighty (180)

---

[1] The Government also provided a summary of the Petitioner's sentencing, post-conviction challenges, and the procedural history of the present petition in its response. (*See* Resp. at 1–5.)

[2] During the plea colloquy, both parties discussed that it was likely that Petitioner had a criminal history that would subject him to an armed career criminal finding because of their belief that he had the requisite three prior felony convictions. (Transcript of July 10, 2006 Guilty Plea ("Plea Tr.") at 8, United States v. Hayes, No. 7:06-cr-00002 (W.D. Va. Sept. 25, 2006)). The court inquired of the Petitioner whether he understood that he was pleading guilty to an offense that carried a mandatory minimum term of incarceration of fifteen (15) years to life. (Plea Tr. at 10-11, 33.) The Petitioner affirmed his understanding. The court also inquired of the Petitioner whether he wanted to "give up [his] right to appeal the Court's judgment about the sentencing guideline factors to a higher court," and whether he understood that under the plea agreement he was giving up "the right to collaterally attack the

2

months of imprisonment followed by a four-year term of supervised release.  The Petitioner's sentence appears to have been driven by the statutory mandatory minimum applicable to armed career criminals as prescribed by 18 U.S.C. § 924(e).[3]  *Id*.  The sentencing judge noted that "in your case the sentence mandated by the statute is somewhat harsh" and that "the Court's hands are tied" with respect to the sentence.  (Sentencing Transcript at 13–14, hereinafter "Sent. Tr.," att'd as Ex. 4 to Resp.) (Document 18-4.)  The Petitioner did not file a direct appeal of his conviction or sentence.  On November 16, 2009, the Petitioner filed a motion to vacate and a motion to correct an error in his sentence with the sentencing court, where he challenged the validity of his confinement under his sentence.  He later objected to the Court's consideration of the motion pursuant to Section 2255.  On August 6, 2010, the Petitioner filed a Section 2255 motion with the sentencing court.  He asserted claims of ineffective assistance of counsel relative to the

---

constitutionality of the Court's judgment at some later time by way of a motion to vacate sentence or a petition for writ of habeas corpus."  (*Id*. at 12.)  In each instance, Defendant indicated his desire to waive the right and his understanding of the waiver.  The Petitioner also later admitted that he had three prior felony convictions in North Carolina. (*Id*. at 28.)   His counsel explained that it appeared the Petitioner had four drug offense felonies "all of them the same date of arrest" and a prior felony for assault with a deadly weapon.  (*Id*.)

3      On the date of the Petitioner's sentencing, Section 924(e) provided, that:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. §924(e)(1).  "As used in this section, the term "serious drug offense" means, among other things, an offense, under the Controlled Substances Act or an offense under state law that involves the manufacture, distribution or possession with the intent to distribute a controlled substance, for which the maximum term of imprisonment of ten years or more is prescribed by law."  *Id*. § 924(e)(2)(A).  "The term "violent felony" includes any crime punishable by imprisonment for a term exceeding one year that has as an element the use, attempted use, or threatened use of physical force against the person of another."  *Id*. § 924(e)(2)(B).

3

indictment and his attorney's failure to challenge it as well as the attorney's failure to discuss the presentence investigation report with him. Among other things, the Petitioner challenged his enhanced sentence by contending that his prior convictions could not serve as predicate offenses to support the enhancement. On September 30, 2010, this motion was denied as untimely. *See United States v. Hayes*, Nos. 7:06CR002, 7:10CV80278, 2010 WL 3835203 (W. D. Va. Sept. 30, 2010). Though the Petitioner appealed the sentencing court's ruling, the Fourth Circuit dismissed the appeal and held that he was not entitled to a certificate of appealability. *United States v. Hayes*, 408 F. App'x 758 (4th Cir. Jan. 21, 2011). On April 24, 2012, the Fourth Circuit denied the Petitioner's motion for authorization to consider a second or successive application for relief pursuant to Section 2255.

In this Section 2241 Petition, the Petitioner, again, asserts his challenge to the effectiveness of his trial counsel. He argues that his attorney failed to detect and challenge, as defective, the indictment charging a violation of Section 924(e) and failed to discuss the presentence investigation report with him. The Petitioner also challenges whether his predicate offenses are sufficient to qualify him as an armed career criminal. He asserts he is actually innocent of 18 U.S.C. § 924(e). (*See* Petitioner's Memorandum in Support at 1, hereinafter "Pet.'s Mem.") The Petitioner argues that the sentencing court improperly considered unverified database information as evidence of his prior offenses. (*Id.* at 11.) The Petitioner amended his petition and his memorandum in support on July 23, 2012, to assert that the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), constituted a substantive change in the law, invalidating use of his North Carolina drug convictions as predicates for his classification as an

4

Armed Career Criminal.  (Pet.'s Am. Pet.; Pet's Am. Mem.)

## II. MAGISTRATE JUDGE'S FINDINGS

By Standing Order (Document 3) entered on April 20, 2011, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.  The assigned Magistrate Judge has submitted his PF&R, wherein he found that the Petitioner has asserted various challenges to the validity of his sentence and conviction, rather than the manner in which his sentence is being executed.  (PF&R at 6.)  Specifically, the Magistrate Judge considered that the Petitioner has contended: (1) that his counsel was ineffective in failing to challenge the Indictment, review the Presentence Investigation Report, and file an appeal, and (2) that his sentence as an Armed Career Criminal is invalid under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).  (*Id*.)  Magistrate Judge VanDervort found that these claims are properly considered under 28 U.S.C. § 2255, not 28 U.S.C. § 2241.  (*Id*.)  He then found that this Court lacks the jurisdiction to consider Section 2255 claims because such motions by law must be filed with the sentencing court, in this case, the Western District of Virginia.  (*Id*.)  The Magistrate Judge further found that the Petitioner has previously filed a Section 2255 motion in the sentencing court, which was denied.  (*Id*. at 7.)  Since the Petitioner has not obtained authorization from the Fourth Circuit Court of Appeals to file a second or successive Section 2255 motion, the Magistrate concluded that Petitioner's Petition should not be construed as a Section 2255 motion and transferred to the sentencing court.  (*Id*.)

Next, Magistrate Judge VanDervort reviewed the Petitioner's Petition under 28 U.S.C. § 2241. He found that the Petitioner is unable to rely upon the "savings clause" of Section 2255 because he did not and could not demonstrate that Section 2255 was "inadequate or ineffective." (*Id*. at 9.) In this determination, Magistrate Judge VanDervort considered the Petitioner's claim under the test set forth in *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). (*Id*.) He found that the Petitioner did not allege an intervening change in law that established his actual innocence of the underlying conviction, and that his challenge to the validity of his sentence under *United States v. Simmons* did not meet the savings clause requirement. (*Id*.) (citing *United States v. Poole*, 531 F.3d 263, 267, n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.")). In making this finding, the Magistrate Judge noted that the Fourth Circuit has held that the relief in *Carachuri-Rosendo*, as applied in *Simmons,* is not retroactively available on collateral review. (*Id*. at 9 n.4). The Magistrate Judge also examined similar holdings in various sister district cases within this Circuit, finding that a challenge to the armed career criminal sentencing enhancement based upon U*nited States v. Simmons* could not be raised as a claim presented in a Section 2241 petition. (*Id*. at 10.) The Magistrate Judge concluded that the remedy under Section 2255 is not inadequate or ineffective because a petitioner is procedurally barred. (*Id*.) Finally, he found that the Petitioner has not carried his burden to demonstrate entitlement to relief under Section 2241, and recommended that his Petition be dismissed and that this matter be removed from the Court's docket. (*Id*.)

6

### III.     PETITIONER'S OBJECTIONS AND REQUEST TO SUPPLEMENT

In his timely filed objections, the Petitioner asserts two specific objections.  First, the Petitioner acknowledges that the Magistrate Judge was correct in finding that no Fourth Circuit precedent allows an inmate to use a Section 2241 Petition where the challenge is directed to a sentence, rather than the conviction.  (Obj. at 1.)  However, he argues that "petitioners similarly situated" in other district courts and at least one appellate court have been permitted use of Section 2241 where they were "challenging only the sentence."  (*Id*. at 2–4) (citing *Gallimore v. Stansberry*, 2011 WL 797320 (E.D. Va. Mar. 1, 2011); *Smith v. United States*, 2012 WL 3727321 (E.D.N.C Aug. 28, 2012); *Brown v. Rios*, 696 F.3d 638 (7th Cir. 2012)).

The Petitioner also argues that this Court should find that it has jurisdiction to consider his claims to avoid a "miscarriage of justice."  (*Id*. at 4.)  The Petitioner argues that he was convicted of violating 18 U.S.C. § 922(g) and subjected to a maximum statutory penalty of ten years.  (*Id.*)  At the time of his sentencing, though, it was believed he had two prior drug offense convictions that were punishable by a term of imprisonment of at least ten years.  (*Id.*)  As a result, he was classified as an armed career criminal, pursuant to 18 U.S.C. § 924(e), and his sentence was moved beyond the § 922(g) statutory maximum to a mandatory minimum of at least fifteen years.  (*Id.*)  According to the Petitioner, the Fourth Circuit's determination in *Simmons* means that his prior drug convictions could not count as "serious drug offenses" within the meaning of 18 U.S.C. § 924(e).  (*Id.*)  The Petitioner argues that this "error of counting the prior drug convictions as serious drug offenses" had the effect of imposing a sentence beyond the statutory maximum,

which is a miscarriage of justice. (*Id*.) (citing *United States v. Boykin*, 669 F.3d 467 (4th Cir. 2012)).

Second, the Petitioner argues that the Magistrate Judge erred to the extent that he found the Fourth Circuit Court of Appeals' decision in *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012) decided the retroactivity of *Simmons*. (*Id*. at 2.) Because later case law definitively decided the retroactivity of *Simmons*, the Court permitted both the Petitioner and the Government to submit briefings on the potential impact of that issue on the Petitioner's claims, discussed *infra*.

Petitioner requests that the Court exercise jurisdiction over this matter "pursuant to Section 2241" or grant him a certificate of appealability to provide the Fourth Circuit with the opportunity to consider whether the savings clause in Section 2255 should be expanded to encompass the type of claim he has pursued here.[4] (*Id*. at 2.)

On September 12, 2013, the Petitioner moved for "leave to supplement, amend or reopen his "section 2255 (or Section 2241) petition" to assert that he is "actually innocent" of his conviction under 18 U.S.C. § 922 (g)(1). (*See Motion for Leave to Supplement / Amend / Reopen Section 2255 (or Section 2241) Petition as "Relates Back") F R Civ. P. 15(c)) / Motion for Recharacterization of Petitions, Based on New Substantive Ruling Made Retroactive to Collateral Review in Miller v. United States (4th Cir. No. 13-6254)* ("Pet.'s Mot. to Am.") (Document 13)). The Petitioner argues that this Court can consider his new argument because it "relates back" to the

---

4   The Court notes that a certificate of appealability is not required for federal prisoners to seek review of denial of a § 2241 petition. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a certificate of appealability for habeas corpus proceedings arising out of process issued by a state court and for proceedings under § 2255); *Ford v. Driver,* 2009 WL 1921113 (N.D.W. Va. July 2, 2009).

8

instant Petition, pursuant to Rule 15 of the Federal Rules of Civil Procedure. The Petitioner also requests that this Court:

> recharacterize his Petition in such a manner to "administer the desired relief . . . which is . . . the vacatur [sic] of his Section 922 (g)(1) conviction and sentence for which he is actually innocent of pursuant to the 'retroactive application' of *United States v. Simmons* . . . to collateral attack announced on August 21, 2013 in *Miller v. United States*."

(Pet's Mot for Leave at 1-2.) The Petitioner argues that his prior convictions do not qualify as prior felony convictions to classify him as a convicted felon in possession of a firearm. Finally, the Petitioner noted that this Court has jurisdiction to transfer this matter to the "proper court of jurisdiction." (*Id*. at 2.)

## IV. GOVERNMENT'S RESPONSE AND PETITIONER'S ANSWER

After the Magistrate Judge submitted his PF&R, the Fourth Circuit decided *Miller v. United States*, 735 F.3d 141 (4th Cir. 2013), in which it held that *Simmons* is retroactively applicable on collateral review. Given the developments in case law, the Court ordered the Government to respond to the Petitioner's claims, including providing the Court with a list of the Petitioner's prior convictions and his sentencing exposure calculated under *Simmons*. The Government attached several exhibits, including sentencing documents from North Carolina ("N.C. Sent.") (Document 18-3), the Presentence Investigation Report relied upon by the sentencing judge for the instant sentence (Document 20), and the transcript from the sentencing hearing (Document 18-5). The Government asserts, consistent with the reasoning of the Magistrate Judge, that the Petitioner's claim is properly construed pursuant to 28 U.S.C. § 2255 and does not fall within the savings clause. (Resp. at 7–9.) The Government further argues that

9

the Petitioner waived his right to collaterally attack his conviction and sentence under § 2255 in his plea agreement. (*Id.* at 9–10.) The Petitioner, of course, continues to argue that § 2255 is inadequate or ineffective and that the savings clause is applicable to his claims. (Pet.'s Answer at 1–5) (Document 23.) He asserts that the Armed Career Criminal provision under 18 U.S.C. 924(e) is not "merely a sentencing enhancement," but an "aggravated form of § 922(g)." (*Id.* at 2.) Accordingly, he asserts that he is actually innocent of the aggravated offense, and that the substantive law has changed since his initial § 2255 proceeding, triggering the savings clause. (*Id.* at 2–4.) In the alternative, he argues that "this Court could exercise jurisdiction pursuant to section 2241 to avoid a miscarriage of justice." (*Id.* at 4) (citing several cases suggesting that the savings clause may be available when a substantive change in the law renders a sentence illegal.)

In addressing the substance of the Petitioner's claims, the Government argues that the Petitioner's 1991 and 1992 drug convictions and his 1996 conviction for assault with a deadly weapon qualify as predicate offenses under 18 U.S.C. § 922(g) in that they were all punishable by more than one year of imprisonment. (Resp. at 12.) The Petitioner actually received a sentence of three years for three of the drug convictions. (*Id.*; *see also* N.C. Sent.) The Petitioner does not appear to contest that he has the predicate felony convictions necessary to sustain his felon in possession conviction pursuant to § 922(g).

The Government next asserts that *Simmons* and *Miller* are inapplicable to the Petitioner's case because the contested drug crimes took place before North Carolina enacted the Structured Sentencing Act at issue in *Simmons*. (Resp. at 13) (noting that "[t]he sentences imposed by the Structured Sentencing Act only apply to crimes committed on or after Oct. 1, 1994.") The

10

Petitioner's 1996 assault with a deadly weapon conviction did fall under the Structured Sentencing Act, but was undisputedly a violent crime subject to a punishment of imprisonment for more than one year for purposes of both § 922(g) and § 924(e). For the Petitioner's pre-1994 convictions, the United States asserts that "at least three (and possibly all)" of the Petitioner's eight drug trafficking crimes "qualify as serious drug offenses under 18 U.S.C. § 924(e)." (*Id.* 15–16.) The Petitioner responds that *Simmons* altered the way courts evaluate a defendant's punishment exposure to prior crimes. (Pet.'s Answer at 5–7.) The impact of the *Simmons* decision, he asserts, is not limited to prior sentences imposed under North Carolina's Structured Sentencing Act. (*Id.* at 5.) The Petitioner explains that North Carolina's Fair Sentencing Act, under which he was sentenced for the pre-1994 drug crimes, prescribed "presumptive sentences" that courts were required to impose absent specific findings of aggravating factors. (*Id.* at 7.) Both the Government and the Petitioner note that each of the Petitioner's drug crimes had a presumptive sentence of no more than three years. (Resp. at 16, note 9; Pet.'s Answer at 7.)

## V. STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and

recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that the Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

## *VI.    DISCUSSION*

The Magistrate Judge recommends dismissal of the Petitioner's claims, explaining that the relief he seeks is not available under 28 U.S.C. § 2241, and that he is procedurally barred from seeking relief under 28 U.S.C. § 2255.  The Petitioner asks the Court to find that his claims fall within an exception permitting challenges that normally fall under § 2255 to be brought in a § 2241 petition.   The statutory framework for post-conviction relief from federal judgments of conviction is found in Chapter 153 of Title 28 of the United States Code.    A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief.   A Section 2241 petition attacks the manner in which a sentence is executed, *see* 28 U.S.C. § 2241(a), while a Section 2255 motion challenges the validity of a conviction or sentence.  *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).   To challenge the validity of a conviction or sentence, the petitioner must bring the motion in the court which imposed the sentence.   28 U.S.C. § 2255(a); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).   "In contrast to a [Section] 2255 habeas petition, which is filed with the original sentencing court, a [Section] 2241 habeas petition can only be filed in the district in which a prisoner is confined."   *United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008).   A challenge to the calculation of a defendant's sentence or the application of sentencing

12

guideline provisions is properly brought in a Section 2255 post-conviction motion.

Here, it is undeniable that the thrust of Petitioner's challenge should be borne in a Section 2255 motion. However, there is a limited exception in which a challenge to the validity of a conviction may be raised in a Section 2241 petition, under the oft-referenced "savings clause" of Section 2255. Section 2255(e) of Title 28 provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). Relevant to the matter currently before this Court, the "savings clause" is not triggered "merely . . . because an individual is procedurally barred from filing a Section 2255 motion[,]" *Vial*, 115 F.3d at 1194, or "merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit Court of Appeals has recognized that the savings clause applies in only very limited circumstances. A petitioner wishing to assert a challenge to the validity of his sentence may not bring a Section 2241 petition until he or she has shown that Section 2255 is an inadequate or ineffective remedy. Specifically, Section 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the

>prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34; *Darden v. Stephens*, No.10-7496, 2011 WL 1625094, at *1 (4th Cir. Apr. 29, 2011) (unpublished decision). The petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective. *Hood v. United States*, 13 F.App'x 72 (4th Cir. 2001) (unpublished decision); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241.

The Magistrate Judge concluded that the Petitioner failed to establish that the Section 2255 remedy was inadequate or ineffective, in part because his "challenge to the validity of his *sentence* based upon Simmons does not meet the requirements of the saving clause." (PF&R at 9.) In its response to this Court's Order, the United States similarly argues that the Petitioner failed to establish that Section 2255 was inadequate or ineffective, stating that the Fourth Circuit's decisions in *Simmons* and *Miller* are inapplicable to this case.[5] For purposes of the savings clause analysis, the Court will assume that the Petitioner has a potentially meritorious argument that the change in the law enunciated in *Simmons* and related cases establishes that he was subject to a sentence above the maximum allowed by statute, as interpreted subsequent to imposition of his sentence.[6] Thus, the question here is whether the savings clause may be invoked when one is

---

[5] This Court does not necessarily agree with the contention that *Simmons* and *Miller* are inapplicable to the Petitioner's case. The Fair Sentencing Act under which Mr. Hayes received his North Carolina convictions had many characteristics in common with the Structured Sentencing Act at issue in *Simmons*, including presumptive sentences that judges could not exceed absent specific findings of aggravating factors, which do not appear to have been made in Mr. Hayes' case. *See* N.C. Gen. Stat. § 15A-1340.4 (1992 Michie).

[6] In short, if Mr. Hayes' drug convictions from the early 1990s in North Carolina do not, under the framework established in *Simmons* and made retroactive in *Miller*, qualify as "serious drug offenses" for the purposes of the Armed Career Criminals Act, then his fifteen year sentence (imposed in accordance with the ACCA mandatory

14

"innocent" of factors establishing a sentencing enhancement, but not actually innocent of the underlying charge.[7]

As the Magistrate Judge stated, "the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence*…" (PF&R at 9.) Since the Magistrate Judge submitted his PF&R, the Fourth Circuit held that a petitioner's "challenge to his armed career criminal status [was] not cognizable in a § 2241 petition." *Farrow v. Revell*, 2013 WL 5546155 (4th Cir. Oct. 9, 2013) (unpublished) (citing *United States v. Poole,* 531 F.3d 263, 267 (4th Cir.2008)) (explaining that the "savings clause only preserves claims in which petitioner claims actual innocence of convictions and not just innocence of a sentencing factor"). Because this Court has found that, based on Mr. Hayes' prior convictions, any claim of actual innocence would be frivolous, he is procedurally barred from pursuing this § 2241 petition with respect to his status as an Armed Career Criminal.

Though the Court finds that Mr. Hayes is procedurally barred, the Fourth Circuit has not squarely considered, in a precedential published opinion, whether someone serving a sentence that, after changes in substantive law, exceeds the statutory maximum may be entitled to relief under § 2241 if he has already filed a § 2255 petition. In *Poole*, the Court considered "whether a temporary custody arrangement can form the basis of a district court's jurisdiction over a habeas petition filed under 28 U.S.C. § 2241(c)(3)." 531 F.3d at 264. In discussing the petitioner's prior petitions, the court found that a Kentucky district court had held, under Sixth Circuit

---

minimum) is well in excess of the ten year maximum for a felon in possession charge.
7  Mr. Hayes appeared to suggest that he is innocent of the felon in possession charge in his *Motion for Leave to Supplement* (Document 13). Because the undisputed facts clearly establish the necessary qualifying felony conviction for that charge, the Court will not address that contention in detail.

precedent, that the savings clause was not applicable to sentencing claims. *Id.* at 267. In a footnote, the court noted that the Fourth Circuit had "likewise not extended the reach of the savings clause to those petitioners challenging only their sentence." *Id.*, note 7 (citing *In re Jones,* 226 F.3d 328, 333-34 (4th Cir. 2000)), in which the court discussed circumstances when § 2255 is inadequate and ineffective "to test the legality of a conviction;" the court did not address sentencing challenges in the *Jones* decision).

*Farrow* appears to involve a claim similar to that now before the Court, but was an unpublished opinion, and the court left open the possibility that the petitioner could still present a claim for "actual innocence." 2013 WL 5546155, *1. Mr. Hayes cannot make a claim of actual innocence.[8] His North Carolina drug convictions all had presumptive sentences of either two or three years, and his assault with a deadly weapon conviction had a prescribed range of twenty-nine to forty-four months. (N.C. Sent.) Any one of those convictions suffices to classify him as a felon under 18 U.S.C. § 922(g).

This Court found Seventh Circuit cases to which the Petitioner cited persuasive. In *Brown v. Rios*, the court reasoned that "[a] sentence that violates a statute, as distinct from a sentence permitted by a statute though more severe than authorized by the guidelines, could well be thought an error grave enough to warrant relief in a habeas corpus proceeding."[9] 696 F.3d 638, 641 (7th

---

8    The Petitioner argues that he is "actually innocent of an aggravated offense," based largely on the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151, 2162-63 (2013). (Pet.'s Answer at 2–3.) As he notes, *Alleyne* is not directly applicable to his case because it dealt with whether factors increasing the sentencing range must be found by a jury, and the existence of prior convictions is excluded. (*Id.* at 3.) Nonetheless, *Alleyne* did include very relevant discussion of the concept of 'sentencing factors,' and the Court's logic in requiring that aggravating facts that increase the penalty range be treated as "an element of a distinct and aggravated crime" seems applicable to the circumstances here. *Alleyne*, 133 S. Ct. at 2162–63.
9    In that case, the government conceded that the petitioner could pursue relief under § 2241, and the court

Cir. 2012). In his answer to the Government's response, the Petitioner cited a newer case, also out of the Seventh Circuit, holding that § 2241 relief was available for fundamental sentencing errors. (Pet.'s Answer at 4); *Brown v. Caraway*, 719 F.3d 583, 585–88 (7th Cir. 2013) (involving a wrongful inclusion of a prior felony that triggered the Career Offender enhancement in the sentencing guidelines). The court explained that a challenge to a sentence above a statutory maximum or above a pre-*Booker* mandatory guideline range "tests the legality of [the petitioner's] detention" in accordance with 28 U.S.C. § 2255(e). *Brown v. Caraway*, 719 F.3d at 588.

The Petitioner also cited to several district court cases within the Fourth Circuit in which judges permitted similar claims to go forward. (Obj. at 2–3); *Gallimore v. Stansberry*, 2011 WL 797320 (E.D. Va. Mar. 1, 2011) (involving a prisoner whose sentence as an Armed Career Criminal was rendered improper by subsequent case law, and who had already served the ten-year statutory maximum for the un-enhanced 18 U.S.C. 922(g) violation); *Smith v. United States*, 2012 U.S. Dist. LEXIS 143342 (E. D. N. C. Aug. 28, 2012) (finding the petitioner innocent of both the 922(c) conviction and 922(e) enhancement, and noting a Dept. of Justice policy "not to challenge meritorious claims for relief under *United States v. Simmons*"). However, in those cases, the government either supported the petitioners' claims or did not contest them. In the circumstances presented in the Petition, within the Fourth Circuit, the case law does not support permitting this claim to proceed.

However, the Court notes that the facts of this case present a strong argument for rethinking the procedural bar against sentencing issues raised in § 2241 petitions. The statutory language of the savings clause allows § 2241 petitions when § 2255 is "inadequate or ineffective to

---

found that it was not necessary to reach a holding on the issue. *Brown v. Rios*, 696 F.3d 638, 641 (7th Cir. 2012).

17

test the legality of [the prisoner's] detention." 28 U.S.C. § 2255(e). A claim that a sentence exceeds the statutory maximum necessarily questions the legality of the detention. Other than the fact that the Petitioner cannot challenge his underlying *conviction*, his claim meets the standard set forth in *Jones* for finding § 2255 to be inadequate or ineffective: the settled law at the time of his conviction and sentencing established that his North Carolina convictions qualified under 18 U.S.C. § 924(e); subsequent to his appeal and § 2255 motion, the substantive law changed such that his North Carolina convictions may not qualify; and the new rule is not one of constitutional law.

## *CONCLUSION*

For the reasons stated above, the Court **ORDERS** that the Magistrate Judge's Proposed Findings and Recommendation (Document 9) be **ADOPTED** and that Petitioner's *Application Under 28 U.S.C. § 2241 For Writ of Habeas Corpus By a Person in State or Federal Custody* (Document 1) and related amendments (Document 6) be **DENIED**.

The Court further **ORDERS** that Petitioner's *Motion for Leave to Supplement / Amend / Reopen Section 2255 (or Section 2241) Petition as "Relates Back") F R Civ. P. 15(c)) / Motion for Recharacterization of Petitions, Based on New Substantive Ruling Made Retroactive to Collateral Review in Miller v. United States (4th Cir. No. 13-6254)* (Document 13) be **DENIED AS MOOT**, given the Court's consideration of the case law developments raised therein and the Court's finding that sentencing issues cannot be presented in § 2241 petitions.

Should the Petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on issues to which objection was made, and those

considered in the first instance by the District Court, he is **ADVISED** that he must file a notice of appeal with the Clerk of this Court within thirty days after the date that the judgment order in this case is entered. *See* Fed. R.App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding arising out of process issued by a state court); *see also* Fed. R.App. P. 22; *Drax v. Reno,* 338 F.3d 98, 106 n. 12 (2d Cir.2003); *Ford v. Driver*, 2009 WL 1921113 (N.D.W. Va. July 2, 2009).

Finally, the Court **ORDERS** that this case be stricken from the docket. The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge VanDervort, to counsel of record, and to any unrepresented party.

ENTER: February 20, 2014

*[signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

19